SLIP OPINION



Cite as 2014 Ark. 167

# SUPREME COURT OF ARKANSAS

No.

| | |
|---|---|
| IN RE BOARD OF CERTIFIED COURT REPORTER EXAMINERS | **Opinion Delivered** April 10, 2014 |

## PER CURIAM

The Board of Certified Court Reporter Examiners has submitted proposed changes to the Rules of the Supreme Court and Court of Appeals, The Rule Providing for Certification of Court Reporters, and The Regulations of the Board of Certified Court Reporter Examiners. We have reviewed the Board's work, and we now publish the suggested amendments for comment from the bench, bar, and public. The proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

Comments on the suggested changes should be made in writing before June 9, 2014, and they should be addressed to: Leslie W. Steen, Clerk, Supreme Court of Arkansas, Attn.: Board of Certified Court Reporter Examiners, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

**Rule Providing for Certification of Court Reporters**

**Section 4**

SLIP OPINION

Every applicant for examination for certification as a certified court reporter shall file with the clerk of this court a written application in the form prescribed by the Board. Upon request, the clerk of this court shall forward to any interested person application forms together with the text of this rule and a copy of the regulations promulgated by the Board under the provisions of ~~Rule~~ <u>Section</u> 3 ~~E~~.

**Regulations of the Board of Certified Court Reporter Examiners**

**Section 10**

Each certified reporter shall procure a seal upon which shall be engraved the name, certificate number of the reporter, and the words "Arkansas Supreme Court–Certified Court Reporter," said seal to be included with signature, on all transcript certificates, to ensure compliance with Section ~~9~~ <u>11 of the Rule Providing for Certification of Court Reporters</u>.

**Section 11**

~~At the discretion of the trial judge, Section 9 may be waived with regard to depositions taken outside this state for use in this state, provided the court reporter is authorized to take verbatim testimony in the state where the deposition was taken.~~

**Section 14**

The tests shall be as follows:

a. A written knowledge test consisting of spelling, vocabulary, punctuation, general knowledge, ~~and~~ rules governing preparation of transcripts (Rules of the Supreme Court and Court of Appeals 3-1, 3-2, 3-3 and 3-4), <u>and rules governing the regulation of the</u>

2

SLIP OPINION


court reporting profession (Sections 19 and 22 of the Regulations of the Board of Certified

Court Reporter Examiners) with a minimum of 75% accuracy.

b.    (1) Five minutes of one-voice dictation of literacy at 180 words per minute.

(2) Five minutes of one-voice dictation of jury charge at 200 words per minute.

(3) Five minutes of two-voice dictation of Q and A at 225 words per minute.

c. Applicants shall be required to transcribe each dictation test with 95% accuracy.

d. If an applicant shall pass one or more parts of the test but fail one or more parts, the applicant will not be required to take the part or parts passed at the next successive examination given, but only the part or parts failed. If the applicant does not pass the previously failed part or parts at the next successive examination, the applicant shall be required to retake the entire examination.

e. For in-state applicants, a new application and application fee of $75.00 will be required for all subsequent testing. For out-of-state applicants, a new application and application fee of $150.00 will be required for all subsequent testing.

f. Certification will be restricted to the method of reporting used by the applicant at the time of testing, and said method will be reflected on the certificate issued to the applicant upon successfully passing the certification examination.

g. Each individual successfully passing the certification examination shall, prior to receiving certification from the Board, participate in an orientation session at a time and place set by the Board.



**Section 17**

The Executive Secretary of the Board will forward the files containing the names and pertinent information <u>including address, phone number, and email address</u> for all individuals who have passed the certification test to the Supreme Court Clerk's office where said files will be maintained and stored.

The Executive Secretary will maintain and store all other files pertaining to test results, including all verbatim notes or records, transcripts, and other papers used in connection with testing for a period of two years following the date of testing, at which time the Executive Secretary may dispose of said files.

It shall be the responsibility of the certified court reporter to provide the Office of the Supreme Court Clerk with written notification of any change of address within fourteen (14) working days.

For the purposes of these Regulations, written notification by certified or first class mail to the most recent address provided to the Office of the Clerk shall be deemed sufficient.

**Section 20**

No persons shall use the title "Certified Court Reporter", or its abbreviation "CCR", in conjunction with their names to indicate they are qualified verbatim reporters in this state, without having a valid ~~temporary or regular~~ certificate issued by the Board <u>or an emergency certificate issued by a circuit judge pursuant to Section 13 of these Regulations</u>.

SLIP OPINION

**Section 24. Freelance Court Reporters Records Retention Schedule**

**Part 1. Scope.**

a. This records retention schedule applies to all freelance court reporters in the State of Arkansas. "Freelance court reporter," as used in this retention schedule, means a court reporter, certified by the Arkansas Board of Certified Court Reporter Examiners, who is not regularly employed by a circuit judge, and not acting in the capacity of a substitute official court reporter.

b. The term "source material," as used in this records retention schedule, refers to any notes, audio files, or exhibits that the freelance court reporter may use to prepare a transcript.

c. This records retention schedule applies to any type of deposition or proceeding in which a freelance court reporter is employed to take a record regardless of whether a transcript is prepared.

**Part 2. Court Ordered Retention of Specific Records.**

Upon the motion of any party demonstrating good cause or upon the court's own motion, the trial judge may enter an order directing that the records be retained for an additional period beyond the time established in Part 6 of this Rule. At the end of each additional court–ordered retention period, the judge may enter a new order extending the retention period.

**Part 3. Responsibility for Storage.**

During the period in which the records are required to be retained, it shall be the responsibility of the court reporter to maintain his or her records in an orderly, secure, and identifiable manner.

**Part 4. Methods of Disposal of Records.**

a. Paper records may be disposed of by burning or shredding.

b. Tapes may be erased and reused or may be dismantled to prevent their replaying.

c. Audio files may be erased.

**Part 5. Log of Records.**

Each court reporter shall maintain an accurate, orderly log of his or her records that notes the date and method of destruction of each record listed.

**Part 6. Records Retention Schedule.**

a. The court reporter shall maintain any notes and/or audio files that he or she used to prepare a transcript for a minimum of one year from the date upon which the proceedings occurred.

b. If a transcript is not prepared from the proceedings at which the court reporter appeared, the court reporter shall maintain all source material that he or she would use to prepare a transcript for a minimum of five years from the date upon which the proceedings occurred. If the court reporter intends to destroy the material, he or she must give written notice to the parties at least forty-five days prior to the day upon which the destruction of the material will occur.

1. It shall be the responsibility of the parties to provide the court reporter with written notification of any change of address.

2. For the purposes of these Regulations, written notification by certified or first class mail to the most recent address provided to the court reporter shall be deemed sufficient.

c. All electronic copies of prepared transcripts shall be retained for a minimum of five years from the date upon which the proceedings occurred.

**Section 25. Preparation of a Transcript of a Deposition**

A transcript of a deposition shall be prepared by a certified court reporter and shall comply with the following requirements:

a. The transcript shall be on plain typewriting or computer or word processor printing of the first impression, not copies;

b. The transcript shall be on 8 ½ x 11 paper;

c. The transcript shall be fastened on the left of the page.

d. The transcript shall have no fewer than 25 typed lines on standard 8 ½ x 11 paper;

e. There shall be no fewer than 9 or 10 characters to the typed inch;

f. The left-hand margins of the transcript shall be set at no more than 1 3/4 of an inch;

g. The right-hand margins of the transcript shall be set at no more than 3/8 of an inch;

h. Each question and answer in the transcript shall begin on a separate line;

i. Each question and answer in the transcript shall begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;

j. The carry-over "Q" and "A" lines shall begin at the left-hand margin;

k. Colloquy material, quoted material, parentheticals, and exhibit markings shall begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;

l. All transcripts shall be prepared in the lower case;

m. All transcripts shall be prepared on only one side of the paper, not front and back.

**Rules of the Supreme Court and Court of Appeals**

**Rule 3-1**

(a) Generally. All records shall begin with the style of the court in which the controversy was heard, the name of the judge presiding when the decree, judgment or order was rendered and its date, the names of all the parties litigant, and the nature of the suit or motion. For example: "Trial before A.B., judge of the circuit court on the ___ day of _____, _____;

John Doe, Plaintiff

vs.                                        Action on Promissory Note"

Jane Doe, Defendant

(b) Dates. Whenever an order of the court is mentioned, the date shall be specifically stated, rather than by reference to the day and year "aforesaid".

(c) Duplications. No part of the record shall be copied more than once. When a particular

SLIP OPINION

record recurs, a reference should be made to pages in the preceding part of the record.

(d) Depositions. When depositions are taken on interrogatories and included in the record, the answers must be placed immediately after the questions to which they are responsive.

(e) Record on Second Appeal. When a cause has been once before the Court and a record is again required (for the purpose of correcting error which occurred on retrial), the second record shall begin where the former ended; that is, with the judgment of the appellate court, which should be entered of record in the circuit court, omitting the opinion of the appellate court. The appeal or supersedeas bond should be the last entry included.

(f) Table of Contents. Every record shall include a table of contents which refers to the pages in the record where the matter identified is copied. For example:

Complaint..........................................................................................Page 1

Answer..............................................................................................Page 4

Motion for Summary Judgment..............................................................Page 6

• Exhibit A–Medical Records (completely redacted and filed

under seal, Pages 8S15)

Brief in Support of Summary Judgment (internal redactions with

complete version filed under seal)..............................................................Page 16

Response to Motion for Summary..........................................................Page 27

• Exhibit A–Medical Records (internal redactions

with complete version filed under seal).........................................Page 29

Brief Opposing Summary Judgment........................................................Page 34

SLIP OPINION

Judgment..............................................................................Page 45

Notice of Appeal..................................................................Page 47

Transcript of Hearing..........................................................Page 49

The record shall be consecutively paginated, including any papers under seal. The table of contents shall also list all documents filed under seal.

(g) Fee for Index. Clerks may add to their fee for the record a reasonable charge for these items where no charge is fixed by statute.

(h) Record Fee and Costs Certified. The fee for the production of the record must be certified in all cases; in addition, all costs in the circuit court must be reported, and by whom paid.

(i) Clerk's Record and Reporter's Transcript--Paper Size and Preparation. The transcript must be prepared in plain typewriting or computer or word processor printing of the first impression, not copies, on 8 ½ x 11 paper. The record, as defined in paragraph (m) of this Rule, shall be fastened on the left of the page. All transcripts shall be prepared by certified court reporters and comport with the following rules:

(1) No fewer than 25 typed lines on standard 8 ½ x 11 paper;

(2) No fewer than 9 or 10 characters to the typed inch;

(3) Left-hand margins to be set at no more than 1 3/4;

(4) Right-hand margins to be set at no more than 3/8;

(5) Each question and answer to begin on a separate line;

SLIP OPINION

(6) Each question and answer to begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;

(7) Carry-over "Q" and "A" lines to begin at the left-hand margin;

(8) Colloquy material, quoted material, parentheticals and exhibit markings to begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;

(9) All transcripts to be prepared in the lower case;

(10) All transcripts shall be prepared on only one side of the paper, not front and back;

(~~10~~ 11) All transcripts of depositions ~~prepared for use as evidence in any court to~~ shall comply with these Rules, ~~except that the left-hand margin is to be set at no more than 1 3/4 and bound on the left~~.

(j) Exhibits. Documents of unusual bulk or weight shall not be transmitted by the clerk of the circuit court unless the clerk is directed to do so by a party or by the Clerk of the Court. Physical exhibits other than documents shall not be transmitted by the clerk of the circuit court except by order of the Court.

(k) Folding of Record. Records must be transmitted to the Clerk without being folded or creased.

(l) Surveys. Real property surveys which form a part of the record shall not be fastened to the record.

(m) Record in Volumes. Where the record is too large to be conveniently bound in one volume, it shall be divided into separate volumes of convenient size and numbered sequentially.



(n) Definition of Record. The term "record" in civil cases, and as used in these Rules, refers only to the pleadings, judgment, decree, order appealed, transcript, exhibits, and certificates.