

Cite as 2014 Ark. 320

# SUPREME COURT OF ARKANSAS

No.

IN RE BOARD OF CERTIFIED COURT REPORTER EXAMINERS

**Opinion Delivered** June 26, 2014

## PER CURIAM

On April 10, 2014, we published for comment the proposal for changes to The Rule Providing for Certification of Court Reporters, The Regulations of the Board of Certified Court Reporter Examiners, and The Rules of the Supreme Court and Court of Appeals received from The Board of Certified Court Reporter Examiners. *See* 2014 Ark. 167, __ S.W.3d __. We thank everyone who reviewed the proposal. We adopt the following amendments to The Rule Providing for Certification of Court Reporters, The Regulations of the Board of Certified Court Reporter Examiners, and The Rules of the Supreme Court and Court of Appeals to be effective immediately, and republish the Rules as set out below.

**Rule Providing for Certification of Court Reporters**

**Section 4**

Every applicant for examination for certification as a certified court reporter shall file with the clerk of this court a written application in the form prescribed by the Board. Upon request, the clerk of this court shall forward to any interested person application forms together with the text of this rule and a copy of the regulations promulgated by the Board under the provisions of Section 3.

 

**Regulations of the Board of Certified Court Reporter Examiners**

**Section 10**

Each certified reporter shall procure a seal upon which shall be engraved the name, certificate number of the reporter, and the words "Arkansas Supreme Court-Certified Court Reporter," said seal to be included with signature, on all transcript certificates, to ensure compliance with Section 11 of the Rule Providing for Certification of Court Reporters.

**Section 11**

This Section is hereby repealed.

**Section 14**

The tests shall be as follows:

a. A written knowledge test consisting of spelling, vocabulary, punctuation, general knowledge, rules governing preparation of transcripts (Rules of the Supreme Court and Court of Appeals 3-1, 3-2, 3-3 and 3-4), and rules governing the regulation of the court reporting profession (Sections 19 and 22 of the Regulations of the Board of Certified Court Reporter Examiners) with a minimum of 75% accuracy.

b.       (1) Five minutes of one-voice dictation of literacy at 180 words per minute.

(2) Five minutes of one-voice dictation of jury charge at 200 words per minute.

(3) Five minutes of two-voice dictation of Q and A at 225 words per minute.

c. Applicants shall be required to transcribe each dictation test with 95% accuracy.

d. If an applicant shall pass one or more parts of the test but fail one or more parts, the

applicant will not be required to take the part or parts passed at the next successive examination given, but only the part or parts failed. If the applicant does not pass the previously failed part or parts at the next successive examination, the applicant shall be required to retake the entire examination.

e. For in-state applicants, a new application and application fee of $75.00 will be required for all subsequent testing. For out-of-state applicants, a new application and application fee of $150.00 will be required for all subsequent testing.

f. Certification will be restricted to the method of reporting used by the applicant at the time of testing, and said method will be reflected on the certificate issued to the applicant upon successfully passing the certification examination.

g. Each individual successfully passing the certification examination shall, prior to receiving certification from the Board, participate in an orientation session at a time and place set by the Board.

**Section 17**

The Executive Secretary of the Board will forward the files containing the names and pertinent information including address, phone number, and email address for all individuals who have passed the certification test to the Supreme Court Clerk's office where said files will be maintained and stored.

The Executive Secretary will maintain and store all other files pertaining to test results, including all verbatim notes or records, transcripts, and other papers used in connection with testing for a period of two years following the date of testing, at which time the Executive

SLIP OPINION

Secretary may dispose of said files.

It shall be the responsibility of the certified court reporter to provide the Office of the Supreme Court Clerk with written notification of any change of address within fourteen (14) working days.

For the purposes of these Regulations, written notification by certified or first class mail to the most recent address provided to the Office of the Clerk shall be deemed sufficient.

**Section 20**

No persons shall use the title "Certified Court Reporter", or its abbreviation "CCR", in conjunction with their names to indicate they are qualified verbatim reporters in this state, without having a valid certificate issued by the Board or an emergency certificate issued by a circuit judge pursuant to Section 13 of these Regulations.

**Section 24. Freelance Court Reporters Records Retention Schedule**

**Part 1. Scope.**

a. This records retention schedule applies to all freelance court reporters in the State of Arkansas. "Freelance court reporter," as used in this retention schedule, means a court reporter, certified by the Arkansas Board of Certified Court Reporter Examiners, who is not regularly employed by a circuit judge, and not acting in the capacity of a substitute official court reporter.

b. The term "source material," as used in this records retention schedule, refers to any notes, audio files, or exhibits that the freelance court reporter may use to prepare a transcript.



c. This records retention schedule applies to any type of deposition or proceeding in which a freelance court reporter is employed to take a record regardless of whether a transcript is prepared.

**Part 2. Court Ordered Retention of Specific Records.**

Upon the motion of any party demonstrating good cause or upon the court's own motion, the trial judge may enter an order directing that the records be retained for an additional period beyond the time established in Part 6 of this Rule. At the end of each additional court–ordered retention period, the judge may enter a new order extending the retention period.

**Part 3. Responsibility for Storage.**

During the period in which the records are required to be retained, it shall be the responsibility of the court reporter to maintain his or her records in an orderly, secure, and identifiable manner.

**Part 4. Methods of Disposal of Records.**

a. Paper records may be disposed of by burning or shredding.

b. Tapes may be erased and reused or may be dismantled to prevent their replaying.

c. Audio files may be erased.

**Part 5. Log of Records.**

Each court reporter shall maintain an accurate, orderly log of his or her records that notes the date and method of destruction of each record listed.

**Part 6. Records Retention Schedule.**

SLIP OPINION

a. The court reporter shall maintain any notes and/or audio files that he or she used to prepare a transcript for a minimum of one year from the date upon which the proceedings occurred.

b. If a transcript is not prepared from the proceedings at which the court reporter appeared, the court reporter shall maintain all source material that he or she would use to prepare a transcript for a minimum of five years from the date upon which the proceedings occurred. If the court reporter intends to destroy the material, he or she must give written notice to the parties at least forty-five days prior to the day upon which the destruction of the material will occur.

   1. It shall be the responsibility of the parties to provide the court reporter with written notification of any change of address.

   2. For the purposes of these Regulations, written notification by certified or first class mail to the most recent address provided to the court reporter shall be deemed sufficient.

c. All electronic copies of prepared transcripts shall be retained for a minimum of five years from the date upon which the proceedings occurred.

**Section 25. Preparation of a Transcript of a Deposition**

 A transcript of a deposition shall be prepared by a certified court reporter and shall comply with the following requirements:

a. The transcript shall be on plain typewriting or computer or word processor printing of the first impression, not copies;

b. The transcript shall be on 8 ½ x 11 paper;



c. The transcript shall be fastened on the left of the page.

d. The transcript shall have no fewer than 25 typed lines on standard 8 ½ x 11 paper;

e. There shall be no fewer than 9 or 10 characters to the typed inch;

f. The left-hand margins of the transcript shall be set at no more than 1 3/4 of an inch;

g. The right-hand margins of the transcript shall be set at no more than 3/8 of an inch;

h.  Each question and answer in the transcript shall begin on a separate line;

i. Each question and answer in the transcript shall begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;

j. The carry-over "Q" and "A" lines shall begin at the left-hand margin;

k. Colloquy material, quoted material, parentheticals, and exhibit markings shall begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;

l. All transcripts shall be prepared in the lower case;

m. All transcripts shall be prepared on only one side of the paper, not front and back.

**Rules of the Supreme Court and Court of Appeals**

**Rule 3–1**

. . .

(i) Clerk's Record and Reporter's Transcript--Paper Size and Preparation. The transcript must be prepared in plain typewriting or computer or word processor printing of the first impression, not copies, on 8 ½ x 11  paper. The record, as defined in paragraph (m) of this Rule, shall be fastened on the left of the page. All transcripts shall be prepared by certified

court reporters and comport with the following rules:

(1) No fewer than 25 typed lines on standard 8 ½ x 11 paper;

(2) No fewer than 9 or 10 characters to the typed inch;

(3) Left-hand margins to be set at no more than 1 3/4;

(4) Right-hand margins to be set at no more than 3/8;

(5) Each question and answer to begin on a separate line;

(6) Each question and answer to begin at the left-hand margin with no more than 5 spaces from the "Q" and "A" to the text;

(7) Carry-over "Q" and "A" lines to begin at the left-hand margin;

(8) Colloquy material, quoted material, parentheticals and exhibit markings to begin no more than 15 spaces from the left-hand margin with carry-over lines to begin no more than 10 spaces from the left-hand margin;

(9) All transcripts to be prepared in the lower case;

(10) All transcripts shall be prepared on only one side of the paper, not front and back;

(11) All transcripts of depositions shall comply with these Rules.

. . .